People v J.M. (2024 NY Slip Op 50336(U))

[*1]

People v J.M.

2024 NY Slip Op 50336(U) [82 Misc 3d 1218(A)]

Decided on March 14, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 14, 2024
Youth Part, Erie County

The People of
the State of New York

against
J.M., AO.

Docket No. FYC-70014-24/001

Denise Herman, Esq., (Assistant District Attorney) 
Connor Dougherty, Esq., (for the Principal AO J.M.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, §
722.23(1), et seq. for an order preventing removal of this action to the juvenile
delinquency part of Erie County Family Court, and upon reading the Notice of Motion
and Supporting Affidavit of Denise Herman, Esq. (Assistant District Attorney), dated
February 29, 2024; responsive papers having been filed on March 8, 2024 by Connor C.
Dougherty, Esq., on behalf of AO J.M.; oral argument and a hearing on the motion
having been waived; and due deliberation having been had, the Court finds the
following:
Procedural History
AO J.M.
is charged under FYC-70014-24 with one count of Criminal Possession of Stolen
Property in the Fourth Degree, in violation of Penal Law § 165.45, a class E
felony.
On January 29, 2024, AO J.M. appeared for an arraignment in the Youth Part,
entering a plea of not guilty. The People conceded the six-day reading. This Court found
that these charges did not meet the requirements of CPL § 722.23(2)(c) to remain in
Youth Part. The People indicated that they would make a motion under CPL, Art. 722,
§ 722.23(1) requesting this matter not be removed to Family Court. The attorneys
consented to various time waivers on the record, and the decision date of the
extraordinary circumstances motion was scheduled for March 15, 2024. AO J.M. was
released on her own recognizance, having voluntarily accepted probation services.

Findings of Fact
It is alleged that on January 2, 2024, there was a 911 call for an alleged robbery at
650 Tonawanda Street, Buffalo. Upon investigation, there were multiple suspects
involved in said robbery; one group of suspects was driving a Red 2014 Ford Escape that
was reported stolen in [*2]January, 2024. After the
alleged robbery occurred, AO J.M. got into the Red Ford Escape with the perpetrators of
said robbery. Officers observed the Red Escape driving erratically at a high speed. Upon
attempting to pull the vehicle over, the Officers observed the Red Ford Escape driving at
approximately sixty (60) miles per hour, going through stop signs, and driving through
red lights. The Red Ford Escape subsequently crashed into a tree, and some of the
occupants of the car ran from the vehicle and away from Police. AO J.M. exited the
vehicle and was immediately taken into custody.

Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to
Family Court unless, within 30 days of arraignment, the District Attorney makes a
written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's
motion to prevent removal unless the Court determines that extraordinary circumstances
exist that should prevent the transfer of the action to Family Court. CPL § 722.23
does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the
common dictionary and the legislative history of the Raise the Age legislation and
interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing
Removal must be denied unless they establish the existence of an 'exceptional' set of facts
which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining
the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated
that the extraordinary circumstances requirement was intended to be a "high standard"
for the District Attorney to meet, and denials of transfers to Family Court "should be
extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39,
April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People
would satisfy the 'extraordinary circumstances' standard where 'highly unusual and
heinous facts are proven and there is a strong proof that the young person is not
amenable or would not benefit in any way from the heightened services in the family
court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly
Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge
should consider the youth's circumstances, including both aggravating factors and
mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021);
Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the
matter should remain in Youth Part, and mitigating circumstances make it more likely
that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam
Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over
multiple days, (2) acted in an especially cruel and heinous manner, and (3) led,
threatened, or coerced other reluctant youth into committing the crimes before the court.
People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors,
including economic difficulties, substandard housing, poverty, difficulties learning,
educational challenges, lack of insight and susceptibility to peer pressure due to
immaturity, absence of positive role models, behavior models, abuse of alcohol or
controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196
(Fam Ct 2021); Assembly Record at 40.
"The People may not, in any way, use the [AO's] juvenile delinquency history,
including any past admissions or adjudications, in any application for removal under the
statute." People v J.J., 74 Misc 3d 1223(A) [NY Co Ct 2022]; citing Family Court Act
§ 381.2(1); see also, People v. M.M., 64 Misc 3d at 269, supra, citing Green v.
Montgomery, 95 NY2d 693, 697 (2001).
CPL § 722.23(1)(b) mandates that every motion to prevent removal of an action
to Family Court "contain allegations of sworn fact based upon personal knowledge of the
affiant." This Court considered only those exhibits and documents whose content fall
within the mandate of CPL § 722.23(1)(b) in making this decision.
The People argue that the actions of AO J.M. were especially cruel and heinous, in
that she was associating with people who held a man up at gunpoint at a gas station,
evaded police, and had a weapon accessible. Defense counsel for AO J.M. raises
mitigating factors, stating that his client was not present for the robbery, was not the
driver of the vehicle, and was not aware that the vehicle she was a passenger in was
stolen. Defense counsel alleges that she is merely associated with the perpetrators here
and had no part in these alleged crimes.
Even if AO J.M. was aware of the gun, it is not alleged that she used the firearm in
furtherance of a crime. The People do not allege that AO J.M. led, threatened, or coerced
other reluctant youth into committing the crime before the court. It is not alleged that she
participated in the theft of the vehicle. It seems that, based on the facts as they are
presented, AO J.M. got into a vehicle with the suspects who had allegedly robbed a
driver at a gas station. AO J.M. was a passenger in the vehicle, there are no allegations
that she drove the vehicle away from police, thereby evading arrest. Additionally, it is
stated that AO J.M. was arrested upon exiting the vehicle; she did not flee the scene.
This Court finds that the People failed to meet their burden of proving that this
young person is not amenable to or would not benefit in any way from the heightened
services in Family Court. This is not the rare, "one out of 1,000 cases" that the
Legislature envisioned would remain in the Youth Part and not be removed to Family
Court. (Assembly, Record of Proceedings, April 8, 2017, pp. 37-38); see People v J.M.,
64 Misc 3d 259, 268 [NY Co Ct 2019]. Extraordinary circumstances do not exist to
prevent the transfer of this action to Family Court. The People did not meet its burden to
prevent removal of this action to Family Court. This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN